IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TROY JUN KWON | |
| Plaintiff, | CIVIL ACTION FILE NO._____ |
| v. | |
| | JURY TRIAL DEMANDED |
| FRESH VALU FOODS, INC., NAM SHIK HONG, and HYUNG JA HONG | |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff Troy Jun Kwon ("Kwon"), by and through his counsel, Brian Kim, Leon and Kim, LLC, files this Complaint alleging as follows:

### NATURE OF THIS ACTION

1.

This action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, in which Plaintiff seeks compensatory and liquidated damages against Defendant for their failure to pay federally-mandated overtime wages during Plaintiff's employment with Defendants.

## **PARTIES**

2.

Troy Jun Kwon, the named Plaintiff in this action, resides at 3169 Flowers Road South, Atlanta, Georgia 3034, which is located in the Northern District of Georgia.

3.

Defendant Fresh Valu Foods, Inc. ("Fresh Valu Foods") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in Atlanta, Georgia.

4.

Fresh Valu Foods can be served by delivering a copy of summons and complaint to its registered agent, Ken Hong, at 1257 Moreland Ave. in Fulton County Atlanta, Georgia 30316.

5.

Fresh Valu Foods is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

7.

Defendant Hyung Ja Hong can be served by delivering a copy of summons and complaint to him at 1257 Moreland Avenue, Atlanta, Georgia 30316.

8.

The Defendant Hyung Ja Hong is and was at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

9.

Defendant Hyung Ja Hong was involved in the day-today operation and has substantial operation control over Fresh Valu Foods, including, without limitation, the policies governing individuals employed in the same capacity as the Plaintiff.

10.

Defendant Hyung Ja Hong exerts substantial control over Fresh Valu Foods in compliance with the definition of "Employer" under the Fair Labor Standard Act of 1938.

11.

Defendant Hyung Ja Hong has the power to hire and fire employees, including, without limitation, individuals employed by Fresh Valu Foods in the same capacity as the Plaintiff.

12.

Defendant Hyung Ja Hong controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Fresh Valu Foods in the same capacity as the Plaintiff.

13.

Defendant Hyung Ja Hong determines the rate and method of payment for employees including without limitation, individuals employed by Fresh Valu Foods in the same capacity as the Plaintiff.

14.

At all times relevant to this action, Defendant Hyung Ja Hong oversaw and had the responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Fresh Valu Foods in the same capacity as the Plaintiff.

15.

The Defendant Hyung Ja Hong is and was at all times relevant to this action the owner of Fresh Valu Foods, and acted directly or indirectly as Plaintiff's

employer.

16.

Defendant Nam Shik Hong can be served by delivering a copy of summons and complaint to her at 1257 Moreland Avenue, Atlanta, Georgia, 30316.

17.

The Defendant Nam Shik Hong is and was at all times relevant to this action an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

18.

Defendant Nam Shik Hong was involved in the day-to-day operation and has substantial operation control over Fresh Valu Foods, including, without limitation, the policies governing individuals employed in the same capacity as the Plaintiff.

19.

Defendant Nam Shik Hong exerts substantial control over Fresh Valu Foods in compliance with the definition of "Employer" under the Fair Labor Standard Act of 1938.

20.

Defendant Nam Shik Hong has the power to hire and fire employees, including, without limitation, individuals employed by Fresh Valu Foods in the same capacity as the Plaintiff.

21.

Defendant Nam Shik Hong controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Fresh Valu Foods in the same capacity as the Plaintiff.

22.

Nam Shik Hong determines the rate and method of payment for employees, including, without limitation, individuals employed by Fresh Valu Foods in the same capacity as the Plaintiff.

23.

At all times relevant to this action, Defendant Nam Shik Hong oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Fresh Valu Foods in the same capacity as the Plaintiff.

24.

The Defendant Nam Shik Hong is and was at all times relevant to this action the owner of Fresh Valu Foods, and she acted directly or indirectly as Plaintiff's

employer.

25.

At all relevant times, individually and collectively, Defendants have been and remain an "employer" within the meaning of the FLSA 29 U.S.C §203(d) in that they acted "…directly or indirectly in the interest of an employer in relation to an employee…."

26.

As employers who engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq*.

27.

Each Defendant was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

## **Jurisdiction**

28.

Jurisdiction over this action is conferred in this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## **Venue**

29.

Venue is proper in the Northern District of Georgia in that a substantial part of the events or omission giving rise to the claim took place in this judicial District.

**Fact**

30.

Plaintiff Troy Jun Kwon ("Kwon") is a former employee of Defendants.

31.

From December 2014 to April 2015, Plaintiff Kwon was employed by Defendant Fresh Valu Foods at Moreland Avenue in Atlanta, Georgia.

32.

According to the Secretary of State of Georgia Website, Defendant Hyung Ja Hong is the CFO and secretary of Fresh Valu Foods.

33.

Based on information and belief, Hyung Ja Hong and Nam Shik Hong have an ownership interest in Fresh Valu Foods.

34.

Throughout Plaintiff Kwon's employment with Defendants, Plaintiff was employed as a "manager", but his primarily duties were working as a cashier, working at the produce department and selling lottery tickets.

35.

Plaintiff never had authority to hire or fire any other Defendants' employees.

36.

Plaintiff never exercised discretion and independent judgment with respect to matters significant to any of the Defendants.

37.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

38.

While working for Fresh Valu Foods during the month of December 2014, Plaintiff Kwon was paid in cash by Fresh Valu Foods.

39.

From January 2015 to the termination of Plaintiff's employment with Defendants, the Plaintiff was paid $300.00 in cash and a $700 check per week.

40.

While employed by Defendants, Plaintiff's work schedule was controlled by Defendants.

41.

Defendants had Plaintiff consistently worked 84 hours, or more, per week. Plaintiff was never paid overtime compensation for hours worked in excess of forty hours in any given work week.

42.

Defendants failed to provide Plaintiff with one and one-half times his regular rate of pay for the worked in excess of forty in a workweek.

## CLAIM FOR RELIEF

### Violation of FAIR LABOR STANDARD ACT (FLSA)

43.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

44.

Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

45.

The Defendants were required in accordance with the FLSA to pay Plaintiffs one and one-half times their regular hourly rate of pay for their overtime work.

46.

The Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff a fixed wage regardless of the hours worked.

47.

The Defendants unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

48.

As a result of Defendants unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages of $30,000.00 or such other amount to be determined at trial.

49.

The Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work for Defendants.

50.

Defendants, jointly and severally, owe Plaintiff Kwon overtime pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

51.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff Kwon jointly and severally, for reasonable attorney fees.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;

2. An order finding that Defendant violated sections 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Plaintiff Kwon against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

4. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff Kwon against Defendants, jointly and severally, for reasonable attorney fees;

5. Judgment in favor of Plaintiff Kwon against Defendant, jointly and severally, for all taxable and non-taxable costs;

6. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available; AND

7. Such other, further and different relief as this Court deems appropriate.


This   31st day of July, 2015.

                                                Leon and Kim, LLC

                                                By: */s/ Brian G. Kim*
                                                Brian G Kim
                                                Georgia. Bar No. 479330
                                                Alabama Bar No. 1288R67G

3006 Clairmont Road
Atlanta, GA 30329
Telephone: 678.302.1956
Facsimile:  404.601.1391
E-Mail: leonandkimllc@gmail.com