IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TROY JUN KWON, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| | )   Civil Action File No: |
| v. | ) |
| | )     1:15-cv-02720-RWS |
| FRESH VALU FOODS, INC., | ) |
| NAM SHIK HONG, and | ) |
| HYUNG JA HONG, | ) |
| | ) |
|   Defendants. | ) |

**BRIEF IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE OF CLAIMS**

The parties in the above-styled action file this Brief in Support of their Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice of Claims.

## I. INTRODUCTION

In this Fair Labor Standards Act ("FLSA") case, Plaintiff and Defendants jointly request that the Court enter an Order approving the FLSA Settlement Agreement reached between the parties in resolution of a bona fide dispute regarding Plaintiffs' entitlement to damages under the FLSA and dismissing their claims with prejudice. Through formal mediation, the parties carefully and exhaustively negotiated a settlement related to this action, and they have agreed to

1

resolve the disputed factual and legal issues on terms set forth in their FLSA settlement agreement. In exchange for the conclusive resolution of this suit, Defendants agreed to pay Plaintiff and Plaintiff's counsel the sum of $23,000.

The parties seek Court approval of their FLSA settlement because the Eleventh Circuit Court of Appeals has held that claims under the FLSA, like those settled and released by Plaintiffs in the FLSA settlement agreement, may not be waived or released without Department of Labor or court approval. 29 U.S.C. § 216(b) and (c); *Lynn Food Stores, Inc., v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982).

The parties' settlement is a product of an arm's-length negotiation between the parties and their experienced counsel. The parties respectfully submit that the terms of the settlement are fair, reasonable, and adequate, and they resolve a bona fide dispute between the parties with respect to liability and damages.

## II. ANALYSIS AND LEGAL AUTHORITY

Under the FLSA, binding settlements of back wage and liquidated damage claims are permitted when the court enters a stipulated judgment upon determining that a settlement proposed by an employer and employee is a fair and reasonable resolution of a bona fide dispute. *Lynn Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir.

2009).  In detailing the reasons for court approval, the Eleventh Circuit has reasoned that:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  *If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.*

*Lynn*, 679 F.2d at 1354 (emphasis added).

### A. A Bona Fide Dispute Between the Parties Existed

Plaintiff alleged in his Complaint that Defendants violated the FLSA by failing to pay him overtime during his employment as the store manager of a grocery store for approximately three-months.  Defendants have strenuously denied these allegations, contend that Plaintiff was exempt from overtime requirements, and believe that they have strong defenses against Plaintiff's allegations.  If Plaintiff ultimately prevailed on his allegations, Defendants could be faced with a monetary verdict in favor of Plaintiff, as well as an obligation to pay attorney's fees and litigation costs.  If Defendants ultimately prevailed,

Plaintiff would be faced with dismissal of his claims, no recovery of any kind, and could have to pay certain costs.

Accordingly, the Court should conclude that a bona fide dispute between the parties exists.

**B. The Proposed Settlement is a Fair and Reasonable Resolution of the Parties' Claims and Defenses**

The settlement of the instant action is appropriate for Court approval because it is fair, reasonable, and adequate.  The proposed FLSA Settlement Agreement arises out of an action brought by Plaintiff against his former employer, which was adversarial in nature.  The proposed FLSA Settlement Agreement ultimately reached was the product of a formal mediation and substantial arm's-length negotiations between the parties, facilitated by experienced counsel.  The proposed settlement reflects a reasonable compromise regarding bona fide disputes between the parties regarding the questions of liability and the amount, if any, of alleged damages under the FLSA.  The parties recognize that there is a risk that Plaintiffs could receive nothing, or a small amount, due to Defendants' defenses.

Here, the proposed settlement provides relief to Plaintiffs and eliminates the inherent risk both sides would bear if this litigation were to continue.   Given these circumstances, a presumption of fairness should attach to the proposed settlement.

*Lynn*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Further, the parties agree that the settlement is fair, just, and adequate to settlement the claims of Plaintiffs.  The endorsement of the FLSA settlement agreement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanilla v. A&R Demolition, Inc.,* 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008).  Here, Plaintiff's counsel is fully aware of the factual contentions of their client and is in the best position to opine as to whether this settlement produces fair results after consideration of risks.  Plaintiff's counsel has concluded that a settlement with Defendant on the terms set forth in the FLSA settlement is fair, reasonable, adequate, and in the best interest of Plaintiffs.

## III.   CONCLUSION

For these reasons, the parties respectfully request that this Court approve the FLSA settlement agreement in this matter and dismiss this action with prejudice. The settlement is the product of contested litigation, Plaintiff is represented by competent and experienced counsel, and the FLSA settlement agreement reflects a

reasonable compromise over disputed issues. The settlement agreement's provisions are fair and reasonable.

WHEREFORE, the parties respectfully request that Court enter an Order (1) approving the FLSA settlement agreement between the parties; and (2) dismissing this matter with prejudice.

Respectfully and jointly submitted 20th day of July, 2016.

For Plaintiff:            LEON & KIM, LLC

                                       By:    /s/ Brian G. Kim
                                                 Brian G. Kim
                                                 Georgia Bar No.: 479330

1815 Satellite Blvd., #303
Duluth, GA 30097
Telephone: (678) 878-4200
Facsimile: (404) 678-4208


For Defendants:          BUCKLEY BEAL LLP

                                       By:    /s/ Nicholas P. Smith
                                                 Andrew M. Beal
                                                 Georgia State Bar No.
                                                 Nicholas P. Smith
                                                 Georgia State Bar No. 142303

Promenade, Suite 900
1230 Peachtree Street, NE
Atlanta, Georgia  30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TROY JUN KWON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No: |
| v. ) | |
| ) | 1:15-cv-02720-RWS |
| FRESH VALU FOODS, INC., ) | |
| NAM SHIK HONG, and ) | |
| HYUNG JA HONG, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **BRIEF IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE OF CLAIMS** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Brian G. Kim, Esq.
Leon & Kim, LLC
1815 Satellite Blvd., #303
Duluth, GA 30097

This 20th day of July, 2016.

By:   /s/Nicholas P. Smith
Nicholas P. Smith

7

Georgia State Bar No. 142303